## HOWARD REYNOLDS et ux. v. STATE.

No. A-7879.   Opinion Filed May 29, 1931.
(299 Pac. 923.)

Charles G. Ozmun, for plaintiffs in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Comanche county of the crime of unlawful possession of intoxicating liquor, and their punishment fixed by the jury at a fine of $150 each and imprisonment in the county jail for 90 days each.

The evidence of the state was that the officers had a search warrant for the defendants' premises, and that, as they neared the house, they could see several cars around the house and a large number of people in the house, and could smell a stong odor of beer; that, when they went into the house, they found eight soldiers and about a dozen civilians; that one soldier was drunk and several other persons were in a less state of intoxication; that a crowd was standing around a table upon which there were several beer bottles with a little beer left in them, several

empty bottles on the chairs and floor, something like 300 empty bottles on the back porch of the house; that under the side of a barn about 100 feet from the house they found a tank filled with ice out of which they took one bottle of beer; that they found part of a bottle of beer in the house. One officer testified that he took a drink of this beer and could feel the effect of it. All of the officers qualified and said the beer was intoxicating. The defendants did not take the witness stand.

Defendants' first contention is that the search of the premises was illegal because of the insufficiency of the affidavit.

The affidavit and search warrant are both in the record, and are sufficient upon their face to authorize the search.

There is no evidence in the record to indicate that the defendant Mrs. Howard Reynolds had anything to do with the possession of the intoxicating liquor found. Since there is no competent evidence to connect her with the offense, the cause is reversed as to her.

It appears from the record that the defendants' place was a rendezvous for drunken soldiers and people of like character in that community. The punishment meted out by the jury to Howard Reynolds, under all of the facts and circumstances in the case, is not excessive.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without substantial merit, the cause is affirmed as to Howard Reynolds and reversed as to Mrs. Howard Reynolds.

DAVENPORT, P. J., and EDWARDS, J., concur.